**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**I GOTCHA HOLDINGS, LLC,**

        **Plaintiff,**

-vs-                                                            **Case No. 6:11-cv-1969-Orl-31DAB**

**FEEL GOLF COMPANY, INC.,**

        **Defendant.**

## ORDER

This cause comes before the Court on a motion to dismiss (Doc. 18) filed by Defendant, Feel Golf Company, Inc. ("Feel Golf"); and a response (Doc. 19) filed by Plaintiff, I Gotcha Holdings, LLC ("IGH").

**I. Background**

IGH owns several patents related to "golf ball retrievers." In December 2010, it entered into an "asset purchase" and "consulting" agreement (the "Agreement") with Feel Golf which included the licensing of two such patents, U.S. Patent No. 5,908,214 (the " '214 Patent") and U.S. Patent No. 7,073,228 (the " '228 Patent"). On November 4, 2011, IGH notified Feel Golf that it was unilaterally terminating the Agreement and revoking the license. Notwithstanding this, and other such notices, Feel Golf continued to "manufacture, sell and offer for sale products disclosed and claimed in the '214 Patent and '228 Patent without authorization of IGH." (Doc. 12, ¶13).

Prior to revoking the licenses, on June 14, 2011, IGH sued Feel Golf for breach of the Agreement in state court. The parties agreed to a modification of the Agreement, and settled the case.

On October 24, 2011 however, Feel Golf moved to set aside the agreement. IGH, in turn, filed a new lawsuit in state court for breach of the modified Agreement on December 7, 2011.

IGH initiated the instant suit on December 9, 2011 asserting two claims of patent infringement pursuant to 35 U.S.C. § 271(a). Feel Golf now moves to dismiss the Amended Complaint (Doc. 12) under FED. R. CIV. P. 12(b)(1) because it claims the instant suit "arises out of" a state law breach of contract claim, rather than under federal patent laws.

## II. Standard

"To invoke the jurisdiction of a federal court under § 1338, it is necessary that plaintiff allege facts that demonstrate that he, and not the defendant, owns the patent rights on which the infringement suit is premised." *Jim Arnold Corp. v. Hydrotech Systems, Inc.*, 109 F.3d 1567, 1571-72 (Fed. Cir. 1997). While a district court has jurisdiction over properly pled patent infringement suits, "[i]t is well settled that if the patentee pleads a cause of action based on rights created by a contract, or on the common law of torts, the case is not one 'arising under' the patent laws." *Id.* (citations omitted). For jurisdiction to attach, "the court must look to see whether the plaintiff has stated, in a well-pleaded complaint, a claim arising under the patent laws." *Vink v. Schijf*, 839 F.2d 676, 676-77 (Fed. Cir. 1988). Furthermore, "the court must consider as a whole the substance of the claim in addition to the language of the complaint, and may also consider jurisdictional facts outside the pleadings." *Air Products and Chemicals, Inc. v. Reichhold Chemicals, Inc.,* 755 F.2d 1559, 1561 (Fed. Cir. 1985).

## III. Analysis

Defendant moves to dismiss this suit based on reference to a concurrent state court breach of contract action. It argues that "[b]efore Plaintiff could possibly be entitled to the relief requested in the instant action, Plaintiff would need to prevail on the underlying breach of contract claims which

are now being litigated . . . in state court . . . [because] . . . Plaintiff's interest in the subject patents derive from the alleged 'cancellation' of a consulting agreement that Plaintiff attaches to the complaint." (*Id*.). As the court in *Air Products* noted, "[w]here the determination of whether there has been an infringement of a patent depends upon the construction of the provisions of a contract, and not upon the construction of an act of Congress relating to patents, the controversy is not one arising under the patent laws." *Air Products and Chemicals, Inc.*, 755 F.2d at 1561.[1]

Although Defendant would have the Court focus solely on the underlying Agreement and the state court actions, Federal Circuit case law is clear that the proper inquiry is based on the Plaintiff's well-pleaded complaint, and in particular, the relief requested. *See id*. at 1562; *Jim Arnold Corp.*,109 F.3d at 1571; *see also Larson v. Correct Craft, Inc.*, 596 F.3d 1319, 1324 (Fed. Cir. 2009). Upon review, the Amended Complaint makes little reference to any contractual issues. It mentions that the parties entered into an "agreement," (Doc. 12, ¶ 9), which granted a license to Feel Golf, (*Id*. at ¶ 10), that was terminated according to its terms by IGH. (*Id*. at ¶ 11-13). In contrast to the cases sounding in contract, Plaintiff's alleged interest here arises not from some contractual obligation, but from its rights in the '214 Patent and '228 Patent. Moreover, the relief requested is grounded not in contract, but under the Patent laws; Plaintiff requests injunctive relief pursuant to 35 U.S.C. § 283, damages under 35 U.S.C. § 284, and attorney's fees under 35 U.S.C. § 285. (Doc. 12 at 6-7). There are no breach of contract claims, and no claim for relief based on reference to the Agreement.

The cases cited by Defendant are inapposite. *See, e.g., Wilson v. Sandford*, 51 U.S. 99 (1850) (based on the prior distinction between law and equity as noted in *Kunkel v. Topmaster Intern., Inc.*,

---

[1] The Court notes that this language appears in a section of the opinion that recounts the reasoning of the lower court.

906 F.2d 693, 696 (Fed. Cir. 1990)); *Briggs v. United Shoe Machinery Co.,* 239 U.S. 48, 49 (1915) ("A suit for royalties reserved upon the sale of a patent right is not a suit arising under the patent laws."). This is not a suit for royalties, nor does the requested relief depend on contract interpretation. Rather, Plaintiff claims that it terminated the license and that Defendant's continued sale of certain products infringes upon two valid patents. While the propriety of IGH's unilateral termination of the license may arise as a defense, it does not, by itself, transform a properly pled patent infringement claim into a breach of contract case.

Nor does the existence of a concurrent and related state court action deprive the Court of jurisdiction. This Court has a "strict duty to exercise the jurisdiction that is conferred upon [it] by Congress" absent some compelling reason to abstain. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).[2] Defendant has presented no such reason.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss (Doc. 18) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 13, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

/s/ Gregory A. Presnell
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

---

[2] Even if the Court were inclined to abstain, simply because the same contract is involved in both cases does not mean that the same issue is involved. The only issue that may arise in this case is whether IGH could unilaterally terminate the license. The Agreement as a whole however, encompasses much more than a license; it is both an "asset purchase" and "consulting" agreement.