# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**I GOTCHA HOLDINGS, LLC,**

    **Plaintiff/Counter Defendant,**

-vs-                                                       Case No. 6:11-cv-1969-Orl-31DAB

**FEEL GOLF COMPANY, INC.,**

    **Defendant/Counter Plaintiff,**
and

**FEEL GOLF COMPANY, INC. and
DINARDO & SONS, INC.,**

    **Third Party Plaintiffs,**
vs.

**PRO LINE SPORTS, INC. and
ALBERT JAMES LIGHT,**

    **Third Party Defendants.**

_____

## ORDER

      This cause comes before the Court on a Response to an Order to Show Cause (Doc. 29), filed by "Third Party Plaintiff" Dinardo & Sons, Inc. ("Dinardo").

      In response to this Court's Order (Doc. 27), Dinardo claims that its participation in this action is governed by in Rule 14 which is "evolving into more liberal applications." It claims that "Appellate Courts give great deference to a Trial Court's discretion in allowing for the just and equitable adjudication of controversies." (Doc. 29 at 6). Dinardo concludes that "the language is broad enough to interpret in favor of providing an avenue for all parties to a contractual

relationship to adjudicate their respective rights and obligations, one to the other, in a single forum, especially, where as here, a defendant's defense depends upon claims by the third party against the plaintiff." (Doc. 29 at 6-7).

Although Rule 14 has been liberally construed, it does not apply to Dinardo in this action. "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1446 (3d ed. 2011). Is it not enough that the alleged third-party claim arises from the same transaction or set of facts as the original claim. *Id*. Although the rule has been liberally construed and committed to the discretion of the trial court, *see Horn v. Daniel*, 315 F.2d 471, 474 (10th Cir. 1962), Rule 14 is clearly limited to 'a person not a party to the action who is or may be liable to [a defendant] for all or part of the plaintiff's claim against him.' It does not permit the joinder of actions of persons who may have a claim against the defendant independently of the plaintiff's claim. *Id*. (citing *John N. Price & Sons v. Maryland Casualty Co.*, 2 F.R.D. 408, 410 (D.N.J. 1942)); *see also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1442 (3d ed. 2011) ("impleader is available only against persons who are or may be liable to defendant for part or all of plaintiff's claim; it cannot be used as a way of combining all controversies having a common relationship in one action." (citations omitted)); 67A C.J.S. *Parties* § 145 (2012). There are no allegations that Dinardo is liable for all, or part, of any claim asserted in the Amended Complaint, and no motion for joinder has been filed.

Accordingly, it is **ORDERED** that the "third party complaint" (Doc. 26) is **STRICKEN**. Feel Golf may re-plead its claim consistent with the Federal Rules of Civil Procedure. To the extent that Dinardo seeks to intervene, it must file an appropriate motion.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 20, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**